**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

SILVIA LUYANDA,                                                    Case No.:

        **Plaintiff,**

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,
A Foreign Corporation,

        **Defendant.**

## COMPLAINT

The Plaintiff, Silvia Luyanda, by and through undersigned counsel, hereby files this Complaint against THE LINCOLN NATIONAL LIFE INSURANCE COMPANY ("LINCOLN)", and alleges:

### GENERAL ALLEGATIONS

1.      This is an action under the Employee Retirement  Income Security Act (ERISA), 29 U.S.C.  §1001, et seq., specifically §1132 (a)(1)(b).

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3.      Venue is proper in the United States District Court for the Southern District of Florida, where the breach of the employee benefits contract between the parties took place.

4. At all times material hereto, Plaintiff was covered under a policy of long-term disability insurance issued by Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY (LINCOLN), as part of an employee welfare benefit plan sponsored by Plaintiff's employer, which provided long-term disability insurance benefits as well as other valuable benefits. A copy of long-term disability insurance policy at issue is attached hereto as Exhibit "A."

5. Defendant LINCOLN is a foreign corporation conducting insurance business in Martin County, Florida.

6. The plan is an"employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1) and the policy of insurance which funds these benefits is owned and administered by LINCOLN as a fiduciary of the employee benefits plan established by Plaintiff's employer at the time Plaintiff's long-term disability benefits were denied and which may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

7. Defendant LINCOLN made the final decisions to deny benefits under the policy of insurance to Plaintiff and bears the ultimate responsibility for paying said claims for benefits, creating an inherent conflict of interest between duties to the plaintiff as an ERISA fiduciary and duties to shareholders as a for-profit corporation under federal law.

8. Defendant LINCOLN's decision to deny benefits was substantially

influenced by its conflict of interest.

9.     Defendant LINCOLN failed to apply the provisions of the insurance policy at issue consistently with respect to similarly situated claimants.

10.     Defendant LINCOLN's notice of denial failed to comply with 29 C.F.R. § 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

11.     Defendant LINCOLN failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, by failing to provide a copy of same to Plaintiff,  and by failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 C.F.R. 2560.503-1(j).

12.     In addition, Defendant LINCOLN failed and refused to comply with the provisions of 29 C.F.R. 2560.503-1(b), 29 C.F.R. 2560.503-1(f), 29 C.F.R. 2560.503-1(g), 29 C.F.R. 2560.503-1(h), and 29 C.F.R. 2560.503-1(I) in its administration of Plaintiff's claim.

13.     Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

3

14.     A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

### COUNT ONE
**Action to Recover Plan Benefits**
**Pursuant to 29 U.S.C.  §1132 (a)(1)(B)**
**Against LINCOLN**

15.     Plaintiff reaffirms and reavers paragraphs 1 through 15  of this Complaint, incorporating the same by reference as if specifically reinstated herein.

16.     Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance policy at issue at all times material hereto.

17.     Defendant LINCOLN has failed and refused to pay the Plaintiff sums due pursuant to the long-term disability insurance policy at all times material hereto.

18.     Defendant LINCOLN has also subjected the Plaintiff to an unreasonable claims process pursuant to 29 C.F.R. 2560.503-1 and has denied benefits under the terms of the plan.

19.     Plaintiff is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

20.     Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C.  § 1132(g).

**WHEREFORE**, the Plaintiff Silvia Luyanda prays for relief from Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY for benefits due pursuant to the contract of long-term disability insurance policy at issue pursuant to 29 U.S.C. §1132(1)(B),

plus interest, costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such other relief as the Court may deem appropriate.

**COUNT TWO**
**Action to Clarify Right to Plan Benefits**
**Pursuant to 29 U.S.C. §1132 (a)(1)(B)**
**Against LINCOLN**

21.    Plaintiff reaffirms and reavers paragraphs 1 through 15  of this Complaint, incorporating the same by reference as if specifically restated therein.

22.    Plaintiff  is entitled to long-term disability benefits under the disability insurance policy which is the subject of this action.

23.    Defendant LINCOLN has denied that Plaintiff is entitled to long-term disability insurance benefits under the disability insurance policy which is the subject of this action.

24.    Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to benefits subject to the terms of a contract for long-term disability insurance subject to ERISA.

25.    Defendant LINCOLN has subjected the Plaintiff to an unreasonable claims process pursuant to 29 C.F.R. § 2560.503-1.

26.    Plaintiff is entitled to a declaration that long-term disability insurance benefits are payable under the disability insurance policy at issue, and is entitled to present evidence of disability to this effect under the *de novo* standard to this Honorable Court.

27.	Plaintiff is entitled to attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff Silvia Luyanda prays for relief from Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY for reinstatement of benefits pursuant to the long-term disability insurance policy  at issue pursuant to §1132 (a)(1)(B), together with any ancillary benefits flowing from the reinstatement of such benefits,  plus interest, costs, attorney's fees as authorized by 29 U.S.C.  §1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

 **/s William S. Coffman, Jr.**
William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff

**EXHIBIT "A"**